UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LUXEYARD, INC., ) | 3:15-cv-00357-LRH-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| ) | |
| vs. ) | October 8, 2015 |
| ) | |
| KAY HOLDINGS, INC., SANO HOLDINGS, ) | |
| INC., and ROBERT WHEAT, ) | |
| ) | |
| Defendants. ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    Before the court are the parties' motion (ECF No. 32) and Joint Agreed Protective and Confidentiality Order (ECF No. 32-1).  The motion and confidentiality order are **denied without prejudice** for the following reasons:

   1.)   The court cannot understand the procedures described in paragraph C.2: "...in the event that in camera inspection of such information is requested or documents are filed with the court under seal, C.1(f) and C.1(i)... ."  The court directs the parties to clarify what is intended under paragraph C.2. Also, the protective order should reflect that any submission of documents *in camera* should comply with Local Rule 10-5(a).

   2.)   The court cannot discern the difference between paragraphs C.8 and C.9. However, should the proposed Protective Order refer to the filing of any emergency motion, the Protective Order should reference that the party seeking emergency relief must comply with Local Rule 7-5.

    Additionally, any motion to seal records shall comply with Local Rule 10-5(b) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  In *Kamakana*, the Ninth Circuit held that the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

MINUTES OF THE COURT
3:15-cv-00357-LRH-WGC
Date:  October 8, 2015
Page 2

The parties shall revise their proposed stipulated protective order to comply with the dictates of *Kamakana*. The court suggests the parties consider adding the following language to their stipulated protective order as follows:

> Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

3.)   Paragraph C.12 should be modified to include the language, "However, the filing of an order of dismissal will conclude the court's jurisdiction over this litigation and the court will not retain jurisdiction thereafter to address any alleged violation fo the terms of the Protective Order."

4.)   Paragraph C.13 of the Protective Order should be modified to reflect that any dispute concerning the Protective Order "...*may* be heard by the court..."

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK


By:  _____/s/_____
         Deputy Clerk