# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LUXEYARD, INC.,

            Plaintiff,

  vs.

KAY HOLDINGS, INC.,
SANO HOLDINGS, INC., AND
ROBERT WHEAT

            Defendants.

Case No.: 3:15-cv-00357

JOINT AGREED PROTECTIVE AND CONFIDENTIALITY ORDER

## **JOINT AMENDED AGREED PROTECTIVE AND CONFIDENTIALITY ORDER**

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information during the discovery phase of this action that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, it is also anticipated that court filings and discovery papers in this matter will include references to documents and/or information that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents and/or information that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of such actions or proceedings;

IT IS HEREBY stipulated and made an Order of the Court that, until this Agreed Protective Order is amended or superseded, all parties and nonparty witnesses shall follow the procedures set

forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

A. Scope.

1.      This Order shall govern all documents and information produced by any party or persons or entities not a party to this action, whether produced informally or pursuant to a formal discovery request and shall also include all documents or information contained in a document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

2.      All documents, information, or testimony marked "Confidential," "Confidential - Attorneys Eyes Only" or any language substantially similar thereto pursuant to in any other ligation will be covered under this Order.

3.      Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

4.      This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

B. Confidential Information.

1.      Materials that contain sensitive information may be designated as "Confidential" or as "Confidential - Attorneys Eyes Only." The producing party will make such a designation only as to those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or other sensitive information. Materials so designated are referred to herein as "Confidential Information."

2.      Documents shall be designated as Confidential Information by marking or stamping each page of any such document "Confidential," "Confidential—Attorneys Eyes Only." In lieu of

marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. A party may designate a document as Confidential Information after such document has been produced to another party in the course of this matter by notifying each party of the retroactive designation and furnishing a copy of such documents to all parties. The inadvertent or unintentional disclosure by the supplying party of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. The documents produced with the correct designation shall supplant the previous production and the receiving parties shall destroy the previously produced materials that were not properly designated.

4. With respect to testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential - Attorneys Eyes Only" within thirty (30) days after receipt of the transcript. Until the thirty-day period has expired, the entire transcript shall be treated as Confidential Information. In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be considered confidential and subject to the provisions of this Order.

5. Written and oral communications between or among counsel for the parties that quotes from or discuss the contents of previously designated Confidential Material shall automatically be subject to this Agreed Protective Order.

C. <u>Treatment of Confidential Information.</u>

1. Except as otherwise provided in this or subsequent court orders, Confidential Information shall not be disclosed or shown to anyone other than:

    (a) The parties, the employees of such parties, or the agents of the parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    (b) Outside counsel for the parties, the employees of such attorneys, and agents of such attorneys, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    (c) Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    (d) Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

    (e) The Court or persons employed by the Court and the jury;

    (f) Duly qualified court reporters and videographers participating in these proceedings;

    (g) Persons who were the authors or recipients of the documents in the ordinary course of business;

    (h)  Witnesses in preparation for or in the course of depositions or the trial of this matter; and

    (i)  Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

  2.  In the event that documents or testimony are designated as "Confidential—Attorneys Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(d), C.1(e), C.1(f) and C.1(i) in the event that in camera inspection of such information is requested or documents are filed with the Court under seal. Any submission of documents in camera should comply with United States District Court for the District of Nevada Local Rule 10-5(a) and under seal documents with L.R. 10-5(b). If such information is disclosed or shown to persons described in paragraph C.1(d), those persons shall not view the information unless and until they are advised that the information is being disclosed pursuant and subject to the terms of this Agreed Protective Order and agree in writing to be bound by the terms of this Order.

  3.  Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Agreed Protective Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is specifically recognized that certain information, such as medical records, which may have been provided to a producing party by a third party, and shall be marked "Confidential," shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation.

4.      No person shall disclose Confidential Information to any third party except as provided by this Order without prior written notice of the specific disclosures and persons involved to the producing party.  Such disclosure shall not be made before:  (1) 5 days after notice to the producing party; (2) consent by the producing party; or (3) judicial resolution of any objections to such disclosure made by the producing party, whichever is earlier.  Any objections to such disclosure shall be made in writing by the producing party within 5 days after receipt of notice of an intent to disclose.

5.      Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

    (a)     its own documents or information; and

    (b)     documents or information developed or obtained by a receiving party independently of discovery in these or related actions or proceedings and in the absence of illegal or wrongful conduct;

irrespective of whether such document or information has been designated by the producing party as Confidential Information.

6.      Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Agreed Protective Order and may not be disclosed other than as provided by this Order.

7.      If a receiving party disputes a designation made by the producing party, the receiving party shall notify the producing party of its contention and the parties shall, in good faith, attempt to resolve the dispute without court intervention.  If the parties cannot resolve the dispute, then either party may file an appropriate motion with the Court seeking to either amend or preserve the producing party's designation.

8. No Confidential Information, including but not limited to transcripts, depositions, exhibits, and pleadings, shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided five (5) business days' prior written notice to the party that produced the Confidential Information of the intent to use it, during which time the producing party may seek any appropriate protective order regarding use of the Confidential Information in the Court filing or hearing. In the event of an emergency, a party seeking to file or use Confidential Information shall not file or use any such information but shall instead file the information under seal or tender to the Court for in camera inspection the Confidential Information that it seeks to file and seek a ruling permitting the use of the material. During the pendency of a motion for protection or in the event of an emergency, the parties will treat Confidential Information in dispute as subject to this Protective Order until the Court enters an order determining otherwise. The party seeking emergency relief must comply with United States District Court for the District of Nevada Local Rule 7-5.

9. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

10. Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall be returned to the producing

party or non-party (if the supplying party so requests within thirty (30) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will be destroyed.

11.   The use in litigation of Confidential Information by the disclosing party shall not constitute waiver of confidentiality.

12.   Each party shall retain all rights and remedies available to it under the law of the enforcement of this Order against anyone who violates it. The restrictions of this Agreed Protective Order shall continue to apply shall after is case is finally determined. However, the filing of an order of dismissal will conclude the court's jurisdiction over this litigation and the court will not retain jurisdiction thereafter to address any alleged violation of the terms of the Agreed Protective Order.

13.   Any dispute concerning the application of this Agreed Protective Order may be heard by the court upon motion by the objecting party.

14.   A copy of this Order shall be provided to any new party joined in the case by the party joining the new party immediately after any such new party files its answer or appearance.

Dated: October 8, 2015

STIPULATED AND AGREED TO:

_____
William R. Kendall, Esq.
NV State Bar No. 3453
137 Mt. Rose Street
Reno, NV 89509
Phone: (775) 324-6464
Fax: (775) 324-3735
email: kendalllaw@aol.com

  /s/ Brian M. Keller
Brian M. Keller (Admitted *Pro Hac Vice*)
TX State Bar No. 00784376
2500 West Loop South, Suite 308
Houston, TX 77027
281.853.9456 Phone
713.600.5804 Facsimile
email: bkeller@kellerattorneys.com

 Attorneys for LuxeYard, Inc.

  /s/ Chandler G. Weeks
Chandler G. Weeks, Esq.,
Nevada Bar No. 11482
WEEKS NELSON
187 E. Warm Springs Road
Suite. 276
Las Vegas, NV 89119

Attorney for Defendants,
Kay Holdings, Inc. and Sano Holdings, Inc.

IT IS SO ORDERED this  9th  day of October, 2015.

                                   _____
                                   UNITED STATES MAGISTRATE JUDGE