UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LUXEYARD, INC., | ) | |
| Plaintiff, | ) | 3:15-cv-0357-LRH-WGC |
| v. | ) | |
| KAY HOLDINGS, INC.; SANO HOLDINGS, INC.; and ROBERT WHEAT, | ) | ORDER |
| Defendants. | ) | |

Before the court is defendants Kay Holdings, Inc. ("Kay") and Sano Holdings, Inc.'s ("Sano") (collectively "moving defendants") motion to dismiss amended complaint (Doc. #14[1]). Doc. #18. Plaintiff LuxeYard, Inc. ("LuxeYard") filed an opposition to the motion to dismiss (Doc. #26) to which moving defendants replied (Doc. #37).

**I.   Facts and Background**

This case involves the reverse merger of plaintiff LuxeYard in 2011. LuxeYard first started its existence as LY Retail, LLC ("LY Retail"), an online business founded and privately owned by non-parties Amir Mireskandari and Khaled Alattar. In order to become a publicly traded company, LY Retail assembled a group of investors with the help of non-parties Kevan Casey and the law firm of Anslow & Jaclin to purchase a shell company in order to accomplish a reverse merger. In

---

[1] Refers to the court's docket entry number.

return for providing the funds required to purchase the shell company, the various investors would receive shares in the publicly traded company pursuant to the terms of a Subscription Agreement.

Defendants Kay and Sano acquired LuxeYard shares in the latter end of 2011. Defendant Kay purchased its shares directly from LuxeYard pursuant to the Subscription Agreement and defendant Sano purchased its shares from another shareholder and initial investor. LuxeYard eventually went public, but due to various issues with corporate management and an alleged pump and dump scheme by the investors, the company was forced into bankruptcy in 2012.

On July 9, 2015, LuxeYard filed the instant action against defendants for a violation of the securities laws. *See* Doc. #1. On August 27, 2015, LuxeYard filed an amended complaint against defendants alleging six causes of action: (1) violation of Section 16(b) of the Securities Act, (2) common law fraud, (3) conspiracy to commit fraud, (4) aiding and abetting fraud, (5) conspiracy to breach fiduciary duty and aiding and abetting breach of fiduciary duty, and (6) unjust enrichment. Doc. #14. Thereafter, moving defendants filed the present motion to dismiss. Doc. #18.

**II.   Legal Standard**

Moving defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

2

*Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Discussion**

    **A.  Section 16(b) of the Securities Act**

In their motion to dismiss, moving defendants argue that LuxeYard's Section 16(b) claim is barred by the applicable statute of limitations. *See* Doc. #18. The court agrees.

The applicable statute of limitations for claims brought under Section 16(b) is two years after the sale of the underlying securities. *See* 15 U.S.C. §78p(b) ("no suit shall be brought more than two years after the date such profit was realized."). In its amended complaint, LuxeYard alleges that defendant Kay sold its shares of LuxeYard stock in April 2012. *See* Doc. #18, p. 16. Similarly, the amended complaint alleges that defendant Sano sold its shares of LuxeYard stock by August 2012. *Id*. Thus, under the statute of limitations, LuxeYard should have filed the

Section 16(b) claim no later than August 2014. However, LuxeYard did not file the present action until July 9, 2015, nearly a year after the statute of limitations ran. Therefore, the court shall dismiss LuxeYard's Section 16(b) claim.

In opposition, LuxeYard contends that it is entitled to equitable tolling of the statute of limitations period. Equitable tolling is available only when (1) the plaintiff has been diligently pursuing its rights, and (2) some extraordinary circumstances prevented the plaintiff from filing the action within the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2015). Here, the court finds neither element of equitable tolling has been met.

First, the court finds that plaintiff LuxeYard did not diligently pursue its rights against defendants. LuxeYard contends that because it originally asserted its Section 16(b) claim against defendants in a separately filed state court action in the State of Texas back in November 2013, it has been diligently pursuing its rights against the defendants. The court disagrees. LuxeYard's prior complaint was filed in a court that had neither subject matter jurisdiction over the action - as a Section 16(b) falls within the exclusive jurisdiction of the Federal courts pursuant to Section 27 of the Securities Act - nor personal jurisdiction over the defendants - as they are domiciled in Nevada. The Texas court recognized these issues and dismissed moving defendants from that action. LuxeYard's filing of an action in an inappropriate court does not constitute a diligent pursuit of its rights.

Second, the court finds that no extraordinary circumstances prevented LuxeYard from bringing the present action within the statute of limitations period. Filing a complaint in the wrong court is not an extraordinary circumstance for purposes of equitable tolling as the choice to file the complaint in Texas was solely within the control of LuxeYard. Further, any circumstances that prevented LuxeYard from filing the present action in this court prior to August 2014 were caused by LuxeYard's own choices and actions. Therefore, the court finds that equitable tolling is not warranted in this action.

///

### B. Fraud-based Claims

In order to state a claim for fraud in Nevada, a plaintiff must allege: (1) that a defendant made a false representation; (2) with knowledge that the statement was false; (3) intending to induce plaintiff to act or refrain from acting in reliance on that misrepresentation; (4) plaintiff's justifiable reliance on the misrepresentation; and (5) damages. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992) (citing *Lubbe v. Barba*, 540 P.2d 115, 117 (Nev. 1975)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation). Further, allegations of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, LuxeYard's complaint is devoid of the necessary factual allegations to meet the heightened pleading standard of Rule 9(b). There are no allegations of who failed to provide information or what information was not provided. Further, there are no claims about what specific false statements were made to induce the initial sale of the securities. Thus, LuxeYard fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that LuxeYard's allegations are insufficient to support its fraud-based claims.

In its opposition, LuxeYard has stated that it has the necessary information to properly comply with Rule 9(b). Therefore, the court shall grant LuxeYard leave to file an amended complaint that comply's with Rule 9(b)'s heightened pleading standard for fraud-based claims.

///

1  IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #18) is
2  GRANTED in accordance with this order. Plaintiff's amended complaint (Doc. #14) is
3  DISMISSED.
4  IT IS FURTHER ORDERED that plaintiff shall have thirty (30) days from entry of this
5  order to file an amended complaint, if any.
6  IT IS SO ORDERED.
7  DATED this 20th day of November, 2015.

8  _____
    LARRY R. HICKS
9   UNITED STATES DISTRICT JUDGE

6