UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| LUXEYARD, INC., | ) | 3:15-cv-00357-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | January 15, 2016 |
| | ) | |
| KAY HOLDINGS, INC.; | ) | |
| SANO HOLDINGS, INC., and | ) | |
| ROBERT WHEAT, | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>  Katie Lynn Ogden  </u>    REPORTER: <u>          FTR          </u>

COUNSEL FOR PLAINTIFF: <u>  Blake Aston and Brian Keller (Telephonically)  </u>

COUNSEL FOR DEFENDANTS: <u>  Chandler Weeks (Telephonically)  </u>

**MINUTES OF PROCEEDINGS: Discovery Status Conference**

11:05 a.m. Court convenes.

      The court holds today's conference to address Defendant Kay Holdings, Inc.'s and Sano Holdings, Inc.'s Motion to Stay Discovery (ECF No. 55). There is no response on file at this time.

      The court is advised that the motion to stay discovery (ECF No. 55) does not pertain to defendant Robert Wheat in view of the pending Motion to Dismiss Based on Lack of Personal Jurisdiction Pursuant to F.R.C.P. 12(B)(2) filed by Mr. Wheat (ECF No. 52).

      The court inquires as to Plaintiff's position regarding discovery. Plaintiff's counsel contends Mr. Wheat is the sole employee, director and/or officer of Kay Holding's, Inc., and Sano Holdings, Inc., and Luxeyard, Inc. is entitled to conduct jurisdictional discovery from Mr. Wheat. Plaintiff's counsel states allowing such discovery will then allow Plaintiff to contest Mr. Wheat's motion to dismiss (ECF No. 52).

1

Minutes of Proceedings
3:15-cv-00357-LRH-WGC
January 15, 2016

In view of the posture of this case, the court makes two points. First, Plaintiff has not taken any action to stay its obligation to file a responsive pleading to defendant Wheat's motion to dismiss to allow for jurisdictional discovery. The court suggests Plaintiff file a motion for leave to undertake jurisdictional discovery. Second, it does not seem likely that Plaintiff will take any deposition on the merits until the motion to dismiss filed by Defendants Kay Holdings, Inc. and Sano Holdings, Inc.(ECF No. 53) is resolved.

Plaintiff's counsel also states it is Luxeyard, Inc.'s position that the motion to dismiss filed by Kay Holdings, Inc. and Sano Holdings, Inc. (ECF No. 53) should actually be filed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Defendants' counsel contends that the motion to dismiss filed by Kay Holdings, Inc. and Sano Holdings, Inc. (ECF No. 53) is not a motion for summary judgment but rather judgment on the merits of the averments in the Second Amended Complaint (ECF No. 51) ("SAC"). Counsel for Defendants argue the SAC does not cure the deficiencies addressed by District Judge Larry R. Hicks in his order (ECF No. 50) granting Defendants' motion to dismiss the First Amended Complaint (Doc. # 14).

Additionally, in response to Plaintiff's position that discovery should be allowed, Mr. Weeks represents to the court he does feel comfortable submitting to any deposition of his clients or himself due to what her characterizes as a "death threat" he received from Mr. Keller via email.

The court confers with counsel regarding the email exchange between Mr. Keller and Mr. Weeks. The court admonishes counsel for the communication and reminds all attorneys that the court requires professionalism among counsel.

Returning to discussions regarding the motion to stay discovery, the court expresses its concern regarding Plaintiff's approach as to the two motions to dismiss. The court suggests Plaintiff consider filing a motion requesting the court to defer ruling on Mr. Wheat's motion to dismiss to allow jurisdictional discovery proceed prior to having to respond to the motion. The court instructed Plaintiff's counsel should also seek leave to conduct such jurisdictional discovery.

Mr. Keller represents it has been Plaintiff's intention to request such a motion as the court suggest but was first waiting decision whether Luxeyard Inc.'s oral request for written discovery and depositions on the merits would be granted or not.

Minutes of Proceedings
3:15-cv-00357-LRH-WGC
January 15, 2016

      After further discussion, the court indicates without a written response by the Plaintiff regarding Defendants' motion to stay (ECF No. 55) evaluating the merits of the fraud-based claims in the Second Amended Complaint (ECF No. 51), it is difficult for the court to evaluate Plaintiff's position that discovery should not be stayed.  The absence of such a response leads the court to grant Defendants' motion to stay, at least on an interim basis.

      The court will stay discovery at this time for approximately forty-five (45) days to allow Plaintiff the opportunity to respond to certain motions how it deems appropriate.  Therefore, Defendants' motion to stay discovery is **GRANTED**.  Discovery is stayed in this matter until **Monday, February 29, 2016**.

      The court schedules a discovery status conference for **Tuesday, March 8, 2016, at 10:00 a.m.**, before Magistrate Judge Cobb, Reno Courtroom 2.  Counsel wishing to appear telephonically shall dial **1-877-873-8017**, enter the access code **3416460**, and enter the security code **3815** approximately five (5) minutes prior to the hearing.

      The court notes developments may occur during this time discovery is stayed, which may change the court's approach to the matter of discovery.  Counsel are encouraged to bring any interim developments which might impact discovery to the court's attention.

      There being no additional matters to address at this time, court adjourns at 11:33 a.m.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

                                        By:  _____/s/_____
                                                Katie Lynn Ogden, Deputy Clerk